PC SCAN

RECEIVED

10/14/2022 DB

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

22cv5673
Judge Coleman
Magistrate Judge Fuentes
RANDOM
PC14

RODNEY PATTON
_____ )
(Full name under which convicted) )
PETITIONER )
)
N-90674 )
_____ )
(Prisoner Number) )
vs. )
)
TARRY WILLIAMS )
_____ )
(Warden, superintendent, or authorized )
person having custody of petioner) )
RESPONDENT, and )
)
**(Fill in the following blank only if** )
**judgment attacked imposes a sentence** )
**to commence in the future.)** )
)
)
ATTORNEY GENERAL OF THE )
STATE OF    Illinois )
_____ )
(State where judgment entered) )
)
)
)

Case Number: _____
(Supplied by Clerk of this Court)

Case Number of State Court Conviction:

07 CR 1403
_____

## AMENDED PETITION FOR WRIT OF HABEAS CORPUS –
## PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered:
   Cook County Criminal Court Building --- 2600 S. Californa Ave.
   Chicago, IL 60608

2. Date of judgment of conviction: October 26, 2011

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)   First Degree Murder

4. Sentence(s) imposed: 30 years IDOC

5. What was your plea? (Check one)   ☐ Not guilty   ☐ Guilty   ☒ Nolo contendere
   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/03/2016                                    1

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):      ☐ Jury     ☐ Judge only

2. Did you testify at trial?      ☐ YES    ☐ NO

3. Did you appeal from the conviction or the sentence imposed?    ☐ YES    ☐ NO

   (A)    If you appealed, give the

       (1) Name of court: _____

       (2) Result: _____

       (3) Date of ruling: _____

       (4) Issues raised: _____

       _____

       _____

       _____

   (B)    If you did not appeal, explain briefly why not: _____

       _____

4. Did you appeal, or seek leave to appeal, to the highest state court? ☐ YES    ☐ NO

   (A)    If yes, give the

       (1) Result: _____

       (2) Date of ruling: _____

       (3) Issues raised: _____

       _____

       _____

       _____

   (B)    If you did not appeal, explain briefly why not: _____

       _____

5. Did you petition the United States Supreme Court for a writ of *certiorari*?
   ☐ YES     ☐ NO

   If yes, give date of petition: _____

   Date *certiorari* was denied: _____ **PART II – COLLATERAL PROCEEDINGS**

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

    ☒ YES        ☐ NO

    With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

    A. Name of court: Cook County Criminal Court Building

    B. Date of filing: January 8, 2013

    C. Issues raised: Const. Right to an arrest supported by probable cause, a
       probable cause determination by a Judicial officer promptly after arrest,
       Const. Right to Due Process of Law, Const. Right to access to the Court, cont. P 8

    D. Did you receive an evidentiary hearing on your petition?   ☐ YES   ☒ NO

    E. What was the court's ruling? Dismissal

    F. Date of court's ruling: August 15, 2018

    G. Did you appeal from the ruling on your petition?   ☒ YES   ☐ NO

    H. (a) If yes, (1) what was the result? Affirmed - Filed Petition for rehearing

       (2) date of decision: June 15, 2022

       (b) If no, explain briefly why not: _____

    _____

    I. Did you appeal, or seek leave to appeal this decision to the highest state court?

       ☒ YES   ☐ NO

       (a) If yes, (1) what was the result? DENIED

       (2) date of decision: September 28, 2022

       (b) If no, explain briefly why not:_____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas

    [If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

corpus?

☐ YES    ☒ NO

A. If yes, give the following information with respect to each proceeding (use additional sheets if necessary):

1.   Nature of proceeding_____

2.   Date petition filed _____

3.   Ruling on the petition _____

4.   Date of ruling _____

5.   If you appealed, what was the ruling on the appeal? _____

6.   Date of ruling on appeal _____

7.   If there was a further appeal, what was the ruling? _____

8.   Date of ruling on appeal _____

3.  With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in federal court?          ☐ YES    ☒ NO

A. If yes, give name of court, case title and case number: _____

_____

B. Did the court rule on your petition? If so, state

(1) Ruling: _____

(2) Date: _____

4.  With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?    ☐ YES    ☒ NO
If yes, explain:_____

_____

_____

_____

_____

_____

_____

_____

## PART III – PETITIONER'S CLAIMS

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)  Ground one  Constitutional Right to an arrest supported by probable cause cont. p8
Supporting facts (tell your story briefly without citing cases or law):

When police makes a warrantless arrest, the State must provide a probable cause determination hearing by a Judicial officer promptly after arrest. Further promptness requires a probable cause determination hearing by a neutral Judge within 48 hours of a warrantless arrest; the delay in this case was for the propose of gathering evidence to justify the arrest, delay motivated by ill will against the Petitioner, and delay for delays sake which was unconstitutional and unreasonable. The Petitioner did not receive a probable cause determination hearing within 48 hours after his arrest on May 1, 2005, the calculus changes here and the burden shifts to the government to cont. p9

(B)  Ground two  Constitutional Right to access to the Court
Supporting facts:

The Petitioner was given an initial court date with the Court on May 5, 2005 at branch 1. This date was binding with the Court because the Deputy Clerk an agent for Dorothy Brown, CLERK of the Circuit Court for Cook County signed off on the initial court date which gave the Court jurisdiction, and at that point the commencement of prosecution should have started, however because of the refusal of the Chicago police to withhold the Petitioner from the Court any RIGHT to demand aspeedy trial was denied. The Petitioners Constitutional Rights to Due Process of Law and access to the Court was violated.

(C)  Ground three  Due Process claim      --- cont. p8
Supporting facts:

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

The Chicago Police Department commited fraud upon the Court when they altered an official police document in an attempt to coverup their actions during the unlawful arrest and detention of the Petitioner.

In 2005 the (CPD) used a (5) part printed form (CPD 11.420 (rev. 3/02), each part after completion is identical to the first page printed on. In this case the alteration was done after 5:30 am on May 5, 2005 this is shown in the Transportation/Bailiff copy which differs from the Permanent Record - Records Div. copy.

The Chicago Police could NOT alter the Transportation/Bailiff copy because the Petitioner was processed and awaiting transportation

cont. p9

(D)    Ground four  Unconstitutional Investigative Alert
Supporting facts:

On December 14, 2006, the Petitioner was arrested a second time using an investigative alert when there was NO new evidence to support an arrest. The investigative alert was based on the same facts which gave rise to probable cause for the Petitioners arrest on May 1, 2005 - May 5, 2005, while the (CPD) held the Petitioner in custody illegally so that they could gather additional evidence to support probable cause.

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?
   ☒ YES    ☐ NO

3. If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

## PART IV – REPRESENTATION

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _____

(B) At arraignment and plea  Steven Stach - Cook County Public Defender

(C) At trial_____

(D) At sentencing  Steven Stach - Cook County Public Defender

(E) On appeal  Tomas Gonzalez - Assistant Appellate Defender

(F) In any post-conviction proceeding  Marsha Watt - Cook County Public Defender

(G) Other (state): _____

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?
☐ YES      ☒ NO

Name and location of the court which imposed the sentence: _____

_____

Date and length of sentence to be served in the future  _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on:  _Oct 3, 2022_          _____
                (Date)                          Signature of attorney (if any)

                                    I declare under penalty of perjury that the foregoing
                                    is true and correct.
                                    _____
                                    (Signature of petitioner)

                                    ____N-90674_____
                                    (I.D. Number)

                                    __Rodney Patton  #N-90674_____
                                    __2600 N. Brinton Ave._____
                                    __Dixon, IL 61021_____
                                    (Address)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Issued Raised Continuation: from page #3 --- Const. Rights
violated while being held illegally to obtain evidence, Const. Right from
illegal search and seizure, const. Rights violated when police altered an
official police document in a attempt to cover up their actions - commiting
fraud upon the court, Const. Right to present and agrue these Const. Rights
at the Circuit level - Appellate level, Supreme Court level, and an Unconst-
itutional investagative alert.

(GROUND A)   Const. Rights violated while being held illegally to obtain
             evidence,

GROUND C)    Const. Rights violated when police altered an official police
             document in an attempt to cover-up their actions - commiting
             fruad upon the Court.

CONTINUATION from page 5 & 6

(A)  demonstrate the exitstence of a bonafide emergency or extraordinary
circumstance which would warrant an delay in the Petitioner being
brought before the Court. In this case there was NONE. Once the
adminstrative steps was completed after the Petitioners arrest, a
probable cause determination hearing was Constitutionally complelled
the minute the Petitioner was finish being booked.

The first arrest of the Petitioner on May 1, 2005 was a clear
violation of the Petitioners Constitutional Rights to Due Process of Law,
and this is evident by the many searches that was conducted during the
time that the Petitioner was held in their custody from May 1, 2005 -
May 5, 2005, thus violating the 48 hours requirement.

Assistant States Attorney Brain Hofeld deferred charging and I.D.O.C.
had issued a warrant for the Petitioner, yet the Chicago Police ignored
the Petitioners Constitutional Rights while holding the Petitioner in
custody.

(C)  to Court and the Petitioner was NOT free to leave while they continued to
gather evidence to support probable cause for the Petitioners arrest. The
Petitioner was in continuous custody from May 1, 2005 - May 5, 2005.

A police officer who manufactures or alter evidence against a criminal
defendant violates Due Process if that evidence is later used to deprive
the defendant of his liberty.

(E)  Ground Five Constitutional Right from Illegal Search and Seizure

On December 14, 2006, the Chicago Police Department sent officers to
Aurora, Illinois where the Petitioner was living without a warrant thus
violating the safeguards given by the U.S. Constitution from Illegal Search
and Seizure, 18 months had elapsed since the arrest and unlawful detention
of the Petitioner.

(F)  Ground Six Constitutional Right to Due Process of Law

Assistant States Attorney Brain Hofeld deferred charging, yet there was
a direct filing with the Court on the Murder Count NCIC: IL06013A on May 3,
2005. The Chicgao Police Department altered the police report after May 5,
2005 in an attempt to conceal their unlawful actions. The Petitioner had
already been booked and awaiting Court.

9

(G)   **Ground Seven** <u>Constitutional Right to Due Process of Law</u>

  The Constitutional issues asserted here in this Petition for Writ of Habeas Corpus originated First with my Constitutional Rights to Due Process of Law being violated with the unlawful arrest and detention made by the Chicago Police Department on May 1, 2005 - May 5, 2005, Second with the filing of my Post Conviction Petition in the Circuit Court, Third with the filing of my Finley Response and Petition for Rehearing in the Appellate Court, and Fourth with the filing of my Leave to Appeal to the Illinois Supreme Court.

  The Circuit Court, Illinois Appellate Court, and the Illinois Supreme Court violated my Constitutional Rights to Due Process of Law when they failed to <u>Hear</u> and <u>Rule</u> on the Constitutional issues presented hear in this Petition for Writ of Habeas Corpus.

EXHAUSTION OF STATE REMEDIES

  The Petitioner has exhausted ALL State Remedies and given the State Court the operative facts and the legal principles that control each claim asserted here. The Petitioner further states that I have raised ALL the issues presented for review in this Petition for Writ of Habeas Corpus with the filing of my Post Conviction Petition to overcome State Procedural Default.

  With the filing of the Petitioner's Post-Conviction Petition the State Circuit Court did NOT make clear that it was resting its decision denying relief on an independent and adequate state ground, it is presumed that the state denial was based at least on federal grounds, and the Petitioner can seek relief in Federal Court.

10

# APPENDIX

CHICAGO POLICE
**ARREST REPORT**
CPD-11-420 (REV. 3/02)

| 1. NAME (LAST - FIRST - MIDDLE) | | | | 2.SEX | 3.RACE | 4.AGE | 5.DATE OF BIRTH DAY MONTH YEAR |
|---|---|---|---|---|---|---|---|
| PATTON, Rodney M. | | | | m | blk | 36 | 20 Jan 1969 |

| 5.C.B.# | 7. ALIAS OR NICKNAME | | | 8. UNIT (INS) | 9. HEIGHT | 10.WEIGHT | 11.HAIR | 12. HAIR STYLE | 13. EYES | 14. COMPLEXION |
|---|---|---|---|---|---|---|---|---|---|---|
| 10168172 | HAWKINS, James | | | 005 | 5'09 | 260 | blk | shrt | brn | drk |

| 15.I.R.NO. | 16. RESIDENCE ADDRESS | | APT. (NO.)FLOOR | 17. DISTING MARKS, SCARS, DISABILITIES, ETC. | | 18. SOCIAL SECURITY NO. |
|---|---|---|---|---|---|---|
| 758615 | 554 W. 125th pl | | hse | Tattoo Rt. upper arm | | 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 |

| 19. Y.D. NO. | 16A. CITY - STATE | ZIP CODE | HOME TELEPHONE | 20. BUSINESS NAME OF BIRTH | 21. DRIVERS LICENSE NO. | | STATE |
|---|---|---|---|---|---|---|---|
| | Chicago Il | 60628 | 773-264-7782 | Ill | | | |

| 22. RD NO. | 23. OCCUPATION | 24. EMPLOYER'S NAME - ADDRESS | | CITY - STATE ZIP CODE | BUSINESS TELEPHONE |
|---|---|---|---|---|---|
| HL-328506 | none | none | | ( ) | none |

| 25. ADDRESS OF ARREST | | 26. NO. ARRESTED | 27. LOCATION CODE FOR NATURE OF PREMISES | 28. BEAT OF ARREST | 29. DATE OF ARREST DAY MONTH YEAR | TIME | 30. ARRESTEE TRANSPORTED TO UNIT - BY BEAT | TIME |
|---|---|---|---|---|---|---|---|---|
| 727 E. 111th St A/2 Homicide | | 1 | 792 | 522 53 | 01 May 05 | 23:00 | D--N--A-- | |

| 31. RESISTED ARREST | | 32. WEAPON | | | | 33. PROPERTY INVENTORY NO(S). | 34. FOR NARCOTIC ARREST | | 35. APPRX. WT& EST. STREET VALUE |
|---|---|---|---|---|---|---|---|---|---|
| YES | NO | PISTOL- REVOLVER | RIFLE SHOT- GUN | KNIFE | OTHER (SPECIFY) | 10525693-177 | ☐ SUSPECT CANNABIS ☐ SUSPECT CONTROLLED SUBSTANCE | A | $ |

| 35. VEHICLE OF ARRESTEE | YEAR | MAKE | MODEL | BODY STYLE | COLOR | STATE LICENSE NO. OR V.I.N. | | DISPOSITION OF VEHICLE |
|---|---|---|---|---|---|---|---|---|
| | 02 | Ford | Contour | 4dr | blk | 143394 | | Pound # 1 hold for investigation |

| 36. PERSON/IN INVESTIGATIVE UNIT NOTIFIED | UNIT NOTIFIED | TIME | 37. DOES ARRESTEE HAVE UNATTENDED DEPENDENT CHILDREN AT HOME | IF YES - NAME OF F/D MEMBER NOTIFIED - TIME | | 38. NAME OF A.S. APPROL. REV. | CHARGES APPROVED | TIME |
|---|---|---|---|---|---|---|---|---|
| R/ds | | | ☐ YES ☐ NO | | | | ☐ YES ☐ NO | |

| 39. VICTIM-COMPLAIN-ANT | NAME | | SEX | RACE | AGE | HOME ADDRESS | | CITY - STATE | ZIP CODE | TELEPHONE NO. |
|---|---|---|---|---|---|---|---|---|---|---|
| | (deceased) Det Mc Grath for B. Hawkins | | | | | | | | | ( ) |

| VICTIM INJURED | IF YES - DESCRIBE INJURIES | | | VICTIM HOSPITALIZED | HOSPITAL NAME |
|---|---|---|---|---|---|
| XX YES ☐ NO | Killed / mult stabs to neck | | | ☐ YES ☐ NO ☐ TREATED & RELEASED | |

| 40. REFERENCES (CH. - PAR.) | 41. OFFENSES | 42. DISPOSITIONS | 40. REFERENCES (CH. - PAR.) | 41. OFFENSES | 42. DISPOSITIONS |
|---|---|---|---|---|---|
| 1 720 ILCS 5-9-1(a)(2) 1st Deg Murder | | 5 | | | |
| 2 Warrant HS0505007 730 ILCS 5/3-13-4 | | 6 | | | |
| 3 730 ILCS 5/3-14-2 | | 7 | | | |
| 4 | | 8 | | | |

**43. NARRATIVE** (The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following:)

| | 44. EVENT NO. |
|---|---|

Above arrested for First Degree Murder after investigation revealed that

he fatally stabbed Bettie Hawkins multiple times in the neck causing her death.

ASA Brian HOFELD of the Cook County States Attorney's Felony Review Unit deferred charging

on the murder count at this time pending the work-up of the blood evidence by the Illinois

State Police Crime Lab & lists the status as a continuing investigation.

(DOC/AMS

Warrant # HS0505007

NO BAIL

I hereby declare and affirm, under penalty of perjury, that the facts stated herein are accurate to the best of my knowledge, information and/or belief.

| FIRST ARRESTING/APPEARING OFFICER'S ORIGINAL SIGNATURE | STAR NO. | UNIT | DEPUTY CLERK'S ORIGINAL SIGNATURE | STAR/EMPL NO. |
|---|---|---|---|---|
| Det McGrath | 20604 | 620 | R. Brown | 1336 |

| 44. FIRST ARRESTING/APPEARING OFFICER - PRINT NAME | BEAT NO. | FURLO. | D.O. GAP. | MISC/BLND. CRT. KEY | 45. SECOND ARRESTING OFFICER - PRINT NAME - STAR NO. | UNIT | 46. VEHICLE ASSIGNED ☐ ONE ☐ TWO ☐ P.O. ☐ P.O. ☐ OTHER |
|---|---|---|---|---|---|---|---|
| Dets McGrath / Weber 20489 | 5222 | | 2 | | Dets Ford 21029 / Pierce 20272 | | |

| 47. INITIAL APPROVAL OF PROBABLE CAUSE - SIG. - STAR | DATE | 48. RESULTS OF FINGERPR. CHECK WAIVED BY-SIG. - STAR | DATE | 49. APPROVAL OF CHARGES - SIG. - STAR | WAS THE OFFENDER RELEASED WITHOUT CHARGING? |
|---|---|---|---|---|---|
| | 347 | | | A T McElroy SMK 0534 | |

WATCH COMMANDER'S NOTATIONS

| 50. ARRESTEE SEARCHED BY | STAR/EMPL. NO. | UNIT | 51. DATE RECEIVED - LOCKUP | TIME | 52. PERS. PROPERTY RECEIPT NO. | 53. TELEPHONE NO. CALLED | TIME |
|---|---|---|---|---|---|---|---|
| M C PATTON | 9584 | 005 | 3-MAY-05 0700 | | | | |
| | | | | | | COMPLETE REVERSE. | |

| 54. BOOKING OFFICER | STAR/EMPL. NO. | UNIT | 55. TIME FINGERPRINTED | 56. TIME PHOTOGRAPHED | 57. TIME FED | 58. PLACED IN CELL NO. |
|---|---|---|---|---|---|---|
| R A BURRELL | 4051 | 005 | 0900 | 0855 | | I-4 |

COURT INFORMATION

| 59. ARR. OFF. DESIRED COURT DATE | BRANCH-CALL | 60. COURT SGT. TO HANDLE | 61. INITIAL COURT DATE | BRANCH-CALL | 62. FINAL CRT. DATE | BRANCH-CALL |
|---|---|---|---|---|---|---|
| | | ☐ YES ☐ NO | 05 MAY 05 | 201 | | |

| 63. BONDED - DATE | TIME | 64. BOND RECEIPT NO. | 65. COURT DOCKET NO. | 66. FINAL JUDGE'S NAME |
|---|---|---|---|---|
| | | | | |

Exhibit A          (2 of 2)

**Commitment Type:**
(Check One)

Adult Felon: ☒
Juvenile Felon: ☐
Juvenile Delinquent ☐

Mandatory Discharge Date: _____



**ILLINOIS DEPARTMENT OF CORRECTIONS**

Warrant Number: HS 0505007

# FUGITIVE APP. UNIT

# WARRANT

The Director of the Department of Corrections sends greeting to all sheriffs, coroners, peace officers, and keepers and custodians of jail facilities in the State of Illinois and to the following other specifically designated persons:

_____

It appearing to the undersigned, an officer authorized by the Director of the Department of Corrections, that:

Subject _____ RODNEY PATTON _____ , _____ N90674 _____
Print Name                                          IDOC#

a person in the lawful custody or under the lawful supervision of the Department of Corrections pursuant to the statutes of the State of Illinois, is absent without authorization or has violated the rules and/or conditions of parole, Mandatory Supervised Release, or of the transition program on the _____ 3RD _____ day of _____ MAY _____ , 20 05.

It is hereby ordered that the above named person be retaken immediately into custody and be held for delivery to the Director of the DEPARTMENT OF CORRECTIONS or his duly authorized agent.

Given under my hand this _____ 3RD _____ day of _____ MAY _____ , 20 05.

This Warrant is issued to the authority granted the Department of Corrections in the Unified Code of Corrections, 730 ILCS 5/3-6-8, 730 ILCS 5/3-13-4, and 730 ILCS 5/3-14-2.



**ILLINOIS DEPARTMENT OF CORRECTIONS**

Director or Authorized Designee

Issuing Officer

Exhibit B

Distribution: Offender's Master File; Parole File; Warrant File

*Printed on Recycled Paper*

DOC 0195 (Eff.2/2003)
(Replaces DC 735)

R97/BROWN: FAILURE TO COMPLY

# CHICAGO POLICE DEPARTMENT
## ARREST REPORT
**FINAL APPROVAL**

351 0 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD–11. 420C(REV. 6/30)

CB #: 16746125
IR #: 758615
YD #:
RD #: HL328506
EVENT #: 0512103131

ARREST REPORTING



Name: PATTON, Rodney
a.k.a Hawkins, James
Res: 601 Iowa Ave
Aurora, IL 60506
Mover
DOB: 20 January 1969
AGE: 37 years
POB: Illinois
SSN: 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
ARMED WITH Unarmed

Beat: 3100

Male
Black
5' 09"
260 lbs
Brown Eyes
Black Hair
Short Hair Style
Dark Complexion

Marks: Tattoo Tattoo Of A Rose on Upper Right Arm

Arrest Date: 14 December 2006 23:50     TRR Completed? No     Total No Arrested:1     Co-Arrests          Assoc Cases
Location: 350 N River St.               Beat: 3100                              DCFS Ward ? No
Aurora, IL
292 – Government Building/Property      Dependent Children? No
Holding Facility: District 005 Male Lockup
Resisted Arrest?   No
Incident Category: All Homicides Involuntary Mans

Offense As Cited   720 ILCS 5.0/9-1-A-1          Victim
MURDER - FIRST DEGREE        Domestic Related   Hawkins, Bettie
Class M - Type F

Felony Review : Approved     15 DEC 2006 03:55        Wood,          State's Attorneys's Office

NO NARCOTICS RECOVERED

Int Generated By: O BRIEN, Rory          Exhibit C   1 of 2

13 APR 2007 10:55

Chicago Police Department - ARREST Report

CB #: 16746125

PATTON, Rodney

ARREST REPORTING

NO WARRANT IDENTIFIED

VICTIM AND COMPLAINANT

Name: HAWKINS, Bettie

Female
Black                          Injured? No      Deceased? Yes
DOB: 06 January 1952
Age: 54 years                  Hospitalized? No

                               Treated and Released? No
Comments: Fatal Injuries Causing Her Death

VICTIM AND COMPLAINANT

Name: STATE OF ILLINOIS

                               Injured? No      Deceased? No
DOB:
Age:                           Hospitalized? No

                               Treated and Released? No
Comments:

VEHICLE

NO ARRESTEE VEHICLE INFORMATION ENTERED

Confiscated Properties :
All confiscated properties are recorded in the e-Track System. This system can be queried by the inventory number to retrieve all official court
documents related to evidence and/or recovered properties.

PROPERTIES INFORMATION FOR     PATTON, Rodney,     NOT AVAILABLE IN THE AUTOMATED ARREST SYSTEM.

(The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following)
EH# 03131 In summary: This is a Area Two Gang Intelligence unit arrest by team 6520, under file # 06-193-761.
Above arrestee taken into custody for an active Investigative Alert                    In that, the arrestee stabbed the victim (Ms.
Bettie Hawkins) multiple times causing her death. Arrestee was identified placed into custody, searched and mirandized.

Name Check Clear
Investigative Alert #299942167
Gang Aff: Self Admitted Gangster Disciple

nt Generated By: O BRIEN, Ron              Exhibit C    2 of 2

13 APR 2007 10:55

| | | Chicago Il | | 60628 | 773-264-7782 | Ill | | | | |
| 22.A0 NO. | 23. OCCUPATION | | 24. BUSINESS NAME - ADDRESS | | | CITY / STATE | ZIP CODE | BUSINESS TELEPHONE |

HL-328506 | none | none

| 25. ADDRESS OF ARREST | 26. NO. ARRESTED | 27. LOCATION CODE FOR NATURE OF PREMISES | 28 BEAT OF ARREST | 29. DATE OF ARREST MONTH YEAR | TIME | 30. ARRESTEE TRANSPORTED TO UNIT BY STAT | TIME |
727 E. 111th St A/2 Homicide | 1 | | 782 | 523 01 May 05 | 23:00 | B39N5312

| 31. RESISTED ARREST | 32. WEAPON | 33. PROPERTY INVENTORY NO(S). | 34. FOR NARCOTIC ARREST | APPROX. WT | EST. STREET VALUE |
YES NO | PISTOL- RIFLE SHOT- OTHER (SPECIFY) | 10525693-177 | SUSPECT CANNABIS / SUSPECT CONTROLLED SUBSTANCE NO. PILLS | -A | $

| 35. VEHICLE | YEAR | MAKE | MODEL | BODY STYLE | COLOR | STATE LICENSE NO. OR V.I.N. | DISPOSITION OF VEHICLE |
OF ARRESTEE | 02 | Ford | Contour 4dr | blk | 143394 | Pound # 1 hold for investiga

| 36. PERSON IN INVESTIGATIVE UNIT NOTIFIED | UNIT NOTIFIED | TIME | 37. DOES ARRESTEE HAVE ... IF YES - NAME OF Y.D MEMBER NOTIFIED - TIME | 38. NAME OF A.S. APPL. REV. | CHARGES APPROVED | TIME |
R/ds | | | UNATTENDED DEPENDENT CHILDREN AT HOME | | YES NO
| | | YES NO

| 39. VICTIM-COMPLAIN-ANT | NAME | (deceased) | SEX / RACE / AGE | HOME ADDRESS | CITY-STATE | ZIP CODE | TELEPHONE |
Det Mc Grath for B. Hawkins

| VICTIM INJURED | IF YES - DESCRIBE INJURIES | VICTIM HOSPITALIZED | HOSPITAL NAME |
XX YES NO | Killed / mult scabs to neck | YES NO / TREATED & RELEASED

MURDER

| 40. REFERENCES (CH.- PAR.) | 41 OFFENSES | 42. DISPOSITIONS | 40. REFERENCES (CH.- PAR.) | 4 |
1 720 ILCS 5-9-1(a)(2) 1st Deg Murder | | | |
2 | | | |
3 | | | |
4 | | | |

42. NARRATIVE    (The facts for probable cause to arrest AND to substantiate the charge include, but are not limited to, the following:) | EVENT NO | 03131

Above arrested for First Degree Murder after investigation revealed that

he fatally stabbed Bettie Hawkins multiple times in the neck causing her death.

No Information Shown > Altered
Here As In Exhibit (A)
2 of 2

---

I hereby declare and affirm, under penalty of perjury, that the facts stated herein are accurate to the best of my knowledge, information and/or belief.

| FIRST ARRESTING/APPEARING OFFICER'S ORIGINAL SIGNATURE - | STAR NO. | UNIT | DEPUTY CLERK'S ORIGINAL SIGNATURE | STAR/EM |
Det McGrath | 20604 | 620 | E. Burrn | 1336

| 44. FIRST ARRESTING/APPEARING OFFICER - PRINT NAME | BEAT NO. | FURLO. | D.O. GRP. | MISD./ORD. CRT. KEY | 45. SECOND ARRESTING OFFICER - PRINT NAME - STAR NO | UNIT | 46. VEHICLE ASSIGNED ONE TWO |
Dets McGrath / Weber 20489 | 5222 | | 2 | Dets Ford 21029 / Pierce 20274 | | D P.O. D P.O.

| 47. INITIAL APPROVAL OF PROBABLE CAUSE - SIG. - STAR | 48. RESULTS OF FINGERPR. CHECK WAIVED BY - SIG. - STAR | DATE | TIME | 49. APPROVAL OF CHARGES - SIG. - STAR | DATE | TI |
347 | | | | A T. Marino 25 SMB | |

WATCH COMMANDER'S NOTATIONS | WAS THE OFFENDER RELEASED WITHOUT CHARGING?
NO YES IF "YES," COMPLETE REVERSE.

| 50. ARRESTEE SEARCHED BY | STAR/EMP. NO. | UNIT | 51. DATE RECEIVED - LOCKUP | TIME | 52. PERS. PROPERTY RECEIPT NO. | 53. TELEPHONE NO. CALLED | TIME |
M. Clifton | 9584 | 005 | 3-MAY-05 | 0700 | | |

| 54. BOOKING OFFICER | STAR/EMP NO. | UNIT | 55. TIME FINGERPRINTED | 56. TIME PHOTOGRAPHED | 57. TIME FED | 58. PLACED IN CELL NO. |
R.A. Burrell | 4051 | 005 | 0900 | 0855 | | I-4

COURT INFORMATION

| 59. ARR. OFF. DESIRED COURT DATE | BRANCH-CALL | 60. COURT SGT. TO HANDLE | 61. INITIAL COURT DATE | BRANCH-CALL | 62. FINAL CRT. DATE | BRANCH - CALL |
| | YES NO | 05 MAY 05 | 82 |

| 63. BONDED - DATE | TIME | 64. BOND RECEIPT NO. | 65. COURT DOCKET NO. | 66. FINAL JUDGE'S NAME |

Exhibit D          TRANSPORTATION / BAILIFF COPY

Investigative Alerts

| Investigative Alerts | Complainant | E x h i b i t  E |

## INVESTIGATIVE ALERTS

Status: CANCELED

Id #: 299942167    Inv. Alert #: 299942167    Request date: 16:20 14-DEC-2006

( No Probable Cause for Arre
(•) Probable Cause for Arrest

Offense Code: [____]    HOMICIDE    FIRST DEGREE MURDER

Other Identifiers: [____]

### PERSON

Last Name: PATTON    First: RODNEY    MI: M    Suffix:

Alias Last: HAWKINS    First: JAMES    SSN: 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

IR #: 758615    RD #: HL328506    FBI #: 428550JA4    SID #: 27359970

Sex: MALE    Height: 509    DOB: 20-JAN-1969    Hair Color: BLACK    DLN/ID #:

Race: BLACK    Weight: 260    Age: 51    Eye Color: BROWN    State:

Scars,Marks,Tattoos: [____]    Complexion:

### LAST KNOWN ADDRESS

| Type | Street # Dir. | Street Name | Apt. # | City | Zip Code | St. | Phone # | Beat |
|------|---------------|-------------|--------|------|----------|-----|---------|------|
| RESIDENCE | 2045 | FOX POINTE CIRCLE | | AURORA | 60504 | IL | | |
| | | | | | | | | |

### VEHICLE

Make:    Model:    Type:    Year:

Style:    VIN:    Color:    Bottom:

State:    State License #:    Other Marks:    Top:    Stolen?    Used in Felony?

---

Investigative Alerts

| Investigative Alerts | Complainant | E x h i b i t  E |

## COMPLAINANT/INSTITUTION

Id #: 299942167    Inv. Alert #: 299942167

Last Name: PATTON    First Name RODNEY    MI M

| | Street # Dir. | Street Name | Apt # | City | Zip Code | St. | Phone # | Beat |
|------|---------------|-------------|-------|------|----------|-----|---------|------|
| Residence | 2045 | FOX POINTE CIRCLE | | AURORA | 60504 | IL | | |

### Justification for Request

R/D's investigation revealed the above subject stabbed the victim multiple times causing her death.

If Outside Agency, check this box and enter the outside agency name and then fill out the requesting officer information. [ ]

| | Star # | Emp # | Unit # | Last Name | First Name |
|------|--------|-------|--------|-----------|------------|
| Requesting Officer | 21029 | | 620 | FORD | PATRICK |

*IL Stamp Re-Tree* *Record*

*****STATE USE ONLY - DATE: 04/05/2021 ORI: IL052015C TCN: LS11485L83353016

## Arrest

| | | |
|---|---|---|
| **DCN:** | L57179666 | **Date of Arrest:** 09/18/2006 |
| **Name:** | PATTON RODNEY MARCELLIS | **Date of Birth:** 01/20/1969 |
| **Alias Name(s)** | | **Alias Date of Birth** |
| PATTON, RODNEY | | |
| MCGEE, JAMES | | 01/20/1969 |

**Residence:** 780 INLAND CR
NAPERVILLE, IL 60563
**Arresting Agency:** AURORA POLICE DEPARTMENT
**Agency Case Number:** 195252     **Officer Badge Number:** 130     **NCIC:** IL0450100
**Indictment Number:** 2006-024271     **Photo Available:** Yes

### Arrest Charges

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | | ORDINANCE | O | L |

**Arrest Type:** ON-VIEW ARREST
**Domestic Violence:** NO     **Date of Offense:**

### Court Charges/Disposition

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | | ORDINANCE | O | L |

**Disposition:** DISPO NOT MANDATED TO BE REPORTED     **Disposition Date:** 05/17/2007
**Case Number:**
**Agency Name:** KANE COUNTY CIRCUIT COURT     **NCIC:** IL045035J

## Arrest

| | | |
|---|---|---|
| **DCN:** | L57178614 | **Date of Arrest:** 08/19/2006 |
| **Name:** | PATTON RODNEY MARCELLIS | **Date of Birth:** 01/20/1969 |
| **Residence:** | 2045 FOX POINTE CI | |
| | AURORA, IL 60504 | |

**Arresting Agency:** AURORA POLICE DEPARTMENT
**Agency Case Number:** 193806     **Officer Badge Number:** 342     **NCIC:** IL0450100
**Indictment Number:** 2006-021360     **Photo Available:** Yes

### Arrest Charges

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | | ORDINANCE | O | L |

**Arrest Type:** ON-VIEW ARREST
**Domestic Violence:** NO     **Date of Offense:**

### Court Charges/Disposition

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | | ORDINANCE | O | L |

**Disposition:** DISPO NOT MANDATED TO BE REPORTED     **Disposition Date:** 05/17/2007
**Case Number:**
**Agency Name:** KANE COUNTY CIRCUIT COURT     **NCIC:** IL045035J

*Police Report*
*Central Booking NUMBER*     Arrest

| | | |
|---|---|---|
| **DCN:** | G16168172 | **Date of Arrest:** 05/03/2005 ← *1st Arrest 5/1/05* |
| **Name:** | PATTON RODNEY M | **Date of Birth:** 01/20/1969 |
| **Alias Name(s)** | | **Alias Date of Birth** *Booked on 5/3/05* |
| HAWKINS, JAMES | | |



*****STATE USE ONLY - DATE: 04/05/2021 ORI: 1L052015C TCN: LS114851.83353016

**Residence:** 554 W 125TH PL
CHICAGO, IL 60628

**Arresting Agency:** CHICAGO POLICE DEPARTMENT
**Agency Case Number:** 16168172 ←          **Officer Badge Number:** 20604

**NCIC:** ILCPD0000
**Photo Available:** No

Arrest Charges

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | 720 ILCS 5.0/9-1-A-1 | MURDER | O | M |

**Arrest Type:**
**Domestic Violence:** Unknown          **Date of Offense:**

States Attorney Section

**Filing Decision:** DIRECT FILED WITH COURT ← 1st charge    **Decision Date:** 05/03/2005    1st forged PCARD
| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | 720 ILCS 5.0/9-1-A-1 | MURDER | O | M |

**Agency Name:** COOK COUNTY STATE'S ATTORNEY          **NCIC:** IL016013A ←

Custodial

**DCN:** L43723221          **Date Received:** 02/04/2005
**Name:** PATTON, RODNEY          **Date of Birth:** 01/20/1969
**Residence:**

**Subject Institution Number:** N90674          **Photo Available:** Yes
**Confining Agency:** DOC CORRECTIONAL CENTER STATEVILLE    **NCIC:** IL099035C
**Agency Received From:** COOK COUNTY SHERIFF'S OFFICE    **NCIC:** IL0160000

Custodial Charges

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | 720 ILCS 570.0/402-C | POSSESSION CONTROLLD SUBSTANCE | O | 4 |

**Case Number:** 04CR1186501          **Disposition:**

**Status** SENTENCED TO    **Sentence** 3 YEAR(S) IMPRISONMENT-DOC    **Fine Amount**    **Date** 01/31/2005

**Custodial Status** RECEIVED RELEASED/CORR SUPERVISION    **Status Date** 02/04/2005 04/07/2005    **Agency Name** DOC CORRECTIONAL CENTER STATEVILLE DOC WESTERN ILLINOIS CORRECTIONAL CENTER

Arrest

**DCN:** G15789019          **Date of Arrest:** 04/13/2004
**Name:** PATTON RODNEY M          **Date of Birth:** 01/20/1969
**Residence:** 1091 N SALEM DRIVE SCHAUMBURG, IL
**Arresting Agency:** CHICAGO POLICE DEPARTMENT          **NCIC:** ILCPD0000
**Agency Case Number:** 15789019          **Officer Badge Number:** 16976    **Photo Available:** No

Arrest Charges

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | 720 ILCS 570.0/402-C | POSSESSION CONTROLLD SUBSTANCE | O | 4 |

**Arrest Type:**
**Domestic Violence:** Unknown          **Date of Offense:**

States Attorney Section
**Filing Decision:** DIRECT FILED WITH COURT          **Decision Date:** 04/13/2004
| Count | Statute Citation | Literal Description | Inchoate Code | Class |

page 9 of 40



*****STATE USE ONLY - DATE: 04/05/2021 ORI: IL052015C TCN: LS11485L83353016

| | | | |
|---|---|---|---|
| **Subject Institution Number:** | N90674 | **Photo Available:** | Yes |
| **Confining Agency:** | DOC CORRECTIONAL CENTER STATEVILLE | **NCIC:** | IL099035C |
| **Agency Received From:** | KANE COUNTY SHERIFFS OFFICE | **NCIC:** | IL0450000 |

### Custodial Charges

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | 625 ILCS 5.0/4-103-A-1 | RECEIVE/POSS/SELL STOLEN VEH | O | 2 |
| **Case Number:** | | **Disposition:** | | |

| Status | Sentence | Fine Amount | Date |
|---|---|---|---|
| CONCURRENT | 5 YEAR(S) IMPRISONMENT-DOC | | 05/31/2007 |

| Custodial Status | Status Date | Agency Name |
|---|---|---|
| RECEIVED | 07/03/2007 | DOC CORRECTIONAL CENTER STATEVILLE |
| RELEASED/CORR SUPERVISION | 12/07/2009 | DOC CORRECTIONAL CENTER STATEVILLE |
| DISCHARGED | 12/07/2010 | DOC CORRECTIONAL CENTER STATEVILLE |

---

### Arrest

| | | | |
|---|---|---|---|
| **DCN:** | L57182459 | **Date of Arrest:** | 12/14/2006 |
| **Name:** | PATTON RODNEY MARCELLIS | **Date of Birth:** | 01/20/1969 |
| **Alias Name(s)** | | **Alias Date of Birth** | |
| MCGEE, JAMES | | 01/20/1969 | |
| PATTON, RODNEY MARCELLUS | | | |
| PATTON, RODNEY | | | |

| | | | |
|---|---|---|---|
| **Residence:** | 601 IOWA AV | | |
| | AURORA, IL 60506 | | |
| **Arresting Agency:** | AURORA POLICE DEPARTMENT | **NCIC:** | IL0450100 |
| **Agency Case Number:** 199224 | **Officer Badge Number:** 340 | | **Photo Available:** Yes |
| **Indictment Number:** 2006-032416 | | | |

### Arrest Charges

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | 625 ILCS 5.0/6-303-A | DRIVING ON SUSP/REVOKD LICENSE | O | A |

| | | | |
|---|---|---|---|
| **Arrest Type:** | ON-VIEW ARREST | **Date of Offense:** | |
| **Domestic Violence:** | NO | | |

### Bond Type
RECOGN

### Court Charges/Disposition

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | 625 ILCS 5.0/6-303-A | DRIVING ON SUSP/REVOKD LICENSE | O | A |

| | | | |
|---|---|---|---|
| **Disposition:** | DISPO NOT MANDATED TO BE REPORTED | **Disposition Date:** | 04/21/2007 |
| **Case Number:** | | | |
| **Agency Name:** | KANE COUNTY STATE'S ATTORNEY | **NCIC:** | IL045013A |

---

*Police Report / Central Booking Number*

### Arrest

| | | | |
|---|---|---|---|
| **DCN:** | G16746125 | **Date of Arrest:** | 12/14/2006 | *2nd Arrest* |
| **Name:** | PATTON RODNEY | **Date of Birth:** | 01/20/1969 | |
| **Alias Name(s)** | | **Alias Date of Birth** | |
| HAWKINS, JAMES | | | |

| | |
|---|---|
| **Residence:** | 601 IOWA AVE |

*IL STATE POLICE Record* (handwritten)

*****STATE USE ONLY - DATE: 04/05/2021 ORI: IL052015C TCN: LS11485L83353016

AURORA, IL 60506

**Arresting Agency:** CHICAGO POLICE DEPARTMENT  **NCIC:** ILCPD0000
**Agency Case Number:** 016746125  **Officer Badge Number:** 19605  **Photo Available:** No

Arrest Charges

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|-------|------------------|---------------------|---------------|-------|
| 1 | 720 ILCS 5.0/9-1-A-1 | MURDER | O | M |

**Arrest Type:**  **Date of Offense:** 12/14/2006
**Domestic Violence:** YES

*2005 2006 1ST + 2ND CHARGE* (handwritten)

States Attorney Section
**Filing Decision:** DIRECT FILED WITH COURT  **Decision Date:** 12/14/2006

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|-------|------------------|---------------------|---------------|-------|
| 1 | 720 ILCS 5.0/9-1-A-1 | MURDER | O | M |

**Agency Name:** COOK COUNTY STATE'S ATTORNEY  **NCIC:** IL016013A

*USED 1ST FINGER PRINT CARD FROM 2005 w/ investigation Alert* (handwritten)

Court Charges/Disposition

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|-------|------------------|---------------------|---------------|-------|
| 1 | 720 ILCS 5.0/9-1-A-1 | MURDER | O | M |

**Disposition:** DISMISS/SUPERCEDED
**Case Number:** 200611400140  **Disposition Date:** 01/08/2007
**Agency Name:** COOK COUNTY CIRCUIT COURT  **NCIC:** IL016025J

*FINGER PRINT CARD @ 2ND ARREST 12/14/06* (handwritten)

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|-------|------------------|---------------------|---------------|-------|
| 1 | 720 ILCS 5.0/9-1-A-1 | MURDER | O | M |

**Disposition:** GUILTY
**Case Number:** 2007CR014030  **Disposition Date:** 10/26/2011
**Agency Name:** COOK COUNTY CIRCUIT COURT  **NCIC:** IL016025J

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|-------|------------------|---------------------|---------------|-------|
| 1 | 720 ILCS 5.0/9-1-A-1 | MURDER | O | M |

**Disposition:** WARRANT QUASHED
**Case Number:** 2007CR014030  **Disposition Date:** 10/26/2011
**Agency Name:** COOK COUNTY CIRCUIT COURT  **NCIC:** IL016025J

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|-------|------------------|---------------------|---------------|-------|
| 3 | 720 ILCS 5.0/9-1-A-2 | MURDER | O | M |

**Disposition:** GUILTY
**Case Number:** 2007CR014030  **Disposition Date:** 10/26/2011
**Agency Name:** COOK COUNTY CIRCUIT COURT  **NCIC:** IL016025J

**Status:** SENTENCED TO  **Sentence:** 30 YEAR(S) IMPRISONMENT-DOC  **Fine Amount:**  **Date** 10/26/2011

---

Arrest

**DCN:** L53931769  **Date of Arrest:** 11/01/2006
**Name:** PATTON RODNEY M  **Date of Birth:** 01/20/1969
**Residence:** 780 INLAND #201
NAPERVILLE, IL 60563
**Arresting Agency:** MONTGOMERY POLICE DEPARTMENT  **NCIC:** IL0450900
**Agency Case Number:** 069420  **Officer Badge Number:** 59  **Photo Available:** Yes

Arrest Charges

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|-------|------------------|---------------------|---------------|-------|
| 1 | 625 ILCS 5.0/6-303 | DRIV LIC REVOKED OR SUSPENDED | O | A |

**Arrest Type:** ON-VIEW ARREST  **Date of Offense:** 11/01/2006
**Domestic Violence:** NO
**County Issuing Warrant:** KANE



Case: 1:22-cv-05673 Document #: 1 Filed: 10/14/22 Page 26 of 64 PageID #:26

FILED
APPELLATE COURT 1ST DIST.

FEB 01 2022

THOMAS D. PALELLA
CLERK

*Finley Response 1-18-1925*
*+*
*1-21-0527 (cons.)*

*1-18-1925 ⌐ Consolidated*
No. 1-21-0527 ⌐

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

---

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the Circuit Court<br>) of Cook County, Illinois |
|       Respondent-Appellee, | ) |
| -vs- | ) No. 07 CR 01403 01 |
| RODNEY PATTON, | ) Honorable<br>) Mauricio Araujo,<br>) Judge Presiding. |
|       Petitioner-Appellant | ) |

---

FINLEY RESPONSE FOR PETITIONER-APPELLANT

RODNEY PATTON
Pro'se

RODNEY PATTON
Reg. No. #N-90674
Dixon Correctional Center
2600 N. Brinton Ave.
Dixon, Illinois 61021

## POINT AND AUTHORITIES

This Finley Response from the stage-two dismissal of Rodney Patton's Petition for Post-Conviction Relief § 5/122-1, and Counsels Motion to Withdraw. Petitioner was substantially denied his Constitutional Right to an arrest supported by probable cause ........................................................... 1

725 ILCS 5/122-1 (2018) ........................................................ 1

City of Riverside v. McLaughlin, 500 U.S. 44 ................................ 2

Gerstein v. Pugh, 420 U.S. 103 ............................................... 2

725 ILCS 5/109 ............................................................... 2

Lopez-Aguilar v. Marion County Sheriff's Dept., 296 F.Supp. 3d 959 ........ 2

City of Riverside v. McLaughlin, 500 U.S. 44 ................................ 3

Gerstein v. Pugh, 420 U.S. 103 ............................................... 3

Gerstein v. Pugh, 420 U.S. 103 ............................................... 4

People v. Braswell, 2019 Il App (1st) 172810 ................................ 4

U.S. Constitution Amendment 4 ................................................ 4

Illinois Constitution Article 1, Section 6 .................................. 4

People v. Williams, 205 Ill.2d 559, 793 N.E.2d 632 (2002) .................. 5

Exhibits are hereby attached to Petitioners Finley Response because in the State of Illinois a criminal defendant is not allowed to obtain his discovery, and the Petitioner can not present a well-founded Finley Response before this Court of Appeals.

Exhibit A  Chicago Police Report CB# 16168172 1 of 2, and 2 of 2
Exhibit B  Warrant issued by I.D.O.C.
Exhibit C  Chicago Police Report CB# 16746125 1 of 2, and 2 of 2
Exhibit D  Chicago Poilce Report-Transportation/Bailiff copy
Exhibit E  Investigative Alert # 29942167

Post-Conviction Petition (¶ 25, 34, 37, 42-48, and 52)

## NATURE OF THE CASE

Rodney Patton, Petitioner-Appellant, Finley Response is from a stage-two dismissal of my Post-Conviction Petition pursuant 725 ILCS 5/122-1.

No issue is raised concerning the charging instrument. However, an issue is raised concerning the Constitutional violations of the Petitioners right to due process of law, and the use of an Investigative Alert used by the Chicago Police Department.

## ISSUES PRESENTED FOR REVIEW

Whether the Circuit Court's dismissal of Rodney Patton's § 5/122-1 Petition in 2018 violates the United States Constitution, and the Illinois Constitution and must be vacated.

## JURISDICTION

Rodney Patton, Petitioner-Appellant, Finley Response is from a stage-two dismissal of my Petition for Post-Conviction Relief. Jurisdiction therefore lies in this Court pursuant to Article VI, Section 6, of the Illinois Constitution, and Supreme Court Rule 301 and 304(b)(3).

## STATEMENT OF FACTS

Rodney Patton was charged by information with First Degree Murder, I am not an attorney and the Discovery of my case was not provided to me, I am unable to support part of my Finley Response before this Court. However, I will attempt to cover the issues stated here within.

## ARUGMENT ONE

The Petitioner was substantially denied his Constitutional rights to an arrest supported by probable cause. City of Riverside v. McLaughin, 500 U.S. 44, 56: when police makes a warrantless arrest, the state must provide a probable cause determination by a judicial officer promptly after arrest.

Further promptness as defined by Gerstein v. Pugh, 420 U.S. 103,124-25 requires probable cause determination by a neutral judge within 48 hours of a warrantless arrest; a delay may be unconstitutional if the defendent shows it was unreasonable. Delay for the purpose of gathering evidence to justify the arrest or a delay motivated by ill will against the arrested individual, and delay for delays sake are examples of unreasonable delays. When an arrested individual does not receive a probable cause determination within 48 hours, the calculus changes. In such a case, the arrested individual does not bare the burden of proving an unreasonable delay. Rather, the burden shifts to the government to determine or demonstrate the existence of a bonafide emergency or other extraordinary circumstances. A jurisdiction that choose to offer a combined proceeding, must do so as soon as is reasonablly feasible, but in no event later than 48 hours after arrest. (¶ 42-48 PCP)

*** In the Finley Response at bar, the state has the burden to show why there was a continued delay with the Petitioner as is outlined in his arrest of May 1, 2005 thru May 5, 2005. (Exh. A) 725 ILCS 5/109 is the controlling Illinois Statute that demands a prompt probable cause determination.

Under the 4th Amendment, the predicate for arrest is probable cause the arrestee has commited, or is committing a crime, and any arrest must be supported by probable cause. Lopez-Aguilar v. Marion County Sheriff's Dept., 296 F.Supp. 3d 959 -- Arrest 63.4(1)

-2-

The Petitioner was taken into custody on May 1, 2005 at around 4:00 am, and held at the Chicago Police Department while the police were at the house conducting a search. The Petitioner was later arrested at 11:00pm (Exh. A)

On May 3, 2005 the Illinois Department of Corrections issued a warrant for the Petitioners arrest at 5:59 pm. (Exh. B) The Petitioner was still in custody while the Chicago Police were conducting a second search of the house.

On May 5, 2005 the Petitioner was given an initial court date with the Court at branch 1. (Exh. A) This date was binding with the Court, because the Deputy Clerk for the Clerk of the Circuit Court Dorothy Brown an agent for the Clerk of the Court signed off and at that point the Court had jurisdiction. The failure of the Chicago Police to with-hold the Petitioner from Court was a clear violation of my Constitutional Rights to Due Process of Law, at that point the Commencement of Prosecution should have started, and any right to Demand a Speedy Trial was denied.

*** In the Finley Response at bar, the state has the burden to explain to this Court why there was a approval of charges signed and dated for May 5, at 5:30 am @ Branch 1. (Exh. A)

Assistant States Attorney Brian Hofeld deferred charging, yet the Chicago Police refused to release the Petitioner from their custody, here the burden shifts to the State again, because the Petitioner was in continuous custody of the Chicago Police from May 1, 2005 thru May 5, 2005.

Once the adminstrative steps was completed after my arrest, a probable cause hearing was constitutionally compelled the minute I was finish being booked. ASA Brian Hofeld deferred charging, I.D.O.C. had a warrant dated May 3, 2005 , and there was the initial Court date of May 5, 2005 all of which were ignored by the Chicago Police. siting City of Riverside v. McLaughin, 500 U.S. 44 (Exh. A, B & D)

The first arrest of the Petitioner of May 1, 2005 was a clear violation of my rights to due process of law, the Chicago Police held me in custody so that they could gather additional evidence, thus violating the 48 hour requirement. This is evident by the many searches that was conducted during the time that I was held in their custody from May 1, 2005 to May 5, 2005 and their refusal to release me. siting -- City of Riverside v. McLaughin, 500 U.S. 44, and Gerstein v. Pugh, 420 U.S. 103

The actions of the Chicago Police Department continued when they
went and altered an official Police document (Exh. A) & (Exh. D) in a
attempt to cover up their actions during the unlawful arrest and detention
of the Petitioner. In 2005 the Chicago Police Dept. used a (5) part printed
form (CPD 11.420 (rev. 3/02)). <u>Each part after completion is identical to
the first printed page.</u> *** In this case the Chicago Police altered this
document after 5:30 am on May 5, 2005 and this is shown in (Exh. D), the
Transportaion/Bailiff copy which differs from (Exh. A), the Permanent Record
- Record Div.. The Chicago Police could not alter (Exh. D) because the
Petitioner had been processed and awaiting transportation to Court. The burden
shifts here again because the Petitioner was not free to leave, while the
Chicago Police conducted their gathering of evidence while holding me in
custody. siting <u>Gerstein v. Pugh</u>, 420 U.S. 103

ARGUMENT TWO

The Petitioner was arrested a second time on Dec. 14, 2006 using a
Investigative Alert. (Exh. C & E) (¶ 37 PCP) The Chicago Police lacked prob-
able cause to issue a Investigative Alert when there was no new evidence
to support an arrest. The Petitioner was also living in another jurisdiction,
further lacking the right to make an arrest. (Exh. E)

*** In the Finley Response at bar, the Investigative Alert was based on
the same facts which gave rise to probable cause in my first arrest of May 1,
2005. The Petitioner was held by the Chicago Police while they gathered addi-
tional evidence to support probable cause, and this probable cause was used to
issue a Investigative Alert for my second arrest. (Exh. E) U.S. Const. IV, Ill
Const. Art. 1 Sec 6, siting <u>People v. Braswell</u>, 2019 Il App (1st) 172810 and
<u>Gerstein v. Pugh</u>, 420 U.S. 103

The Chicago Police had ample time to seek a warrant for my arrest, 18
months had elapsed and they had knowledge that I was not living in Chicago at
the time they sent officers to Aurora Illinois thus violating the safeguards
given by the U.S. Constitution from Illegal Search and Seizure. (Exh. C & E)

<u>ARGUMENT THREE</u>

Under the Post-Conviction Act 725 ILCS 5/122-1 the Petitioner has the
(right) to present all issues for review by the Court. My Petition for Post-
Conviction Relief clearly states this. (¶ 25, 34, 42, and 52)

-4-

*** In the Finley Response at bar, The <u>Circuit Court</u> errored by dismissing the Petitioner Post-Conviction Petition because I was unable to contest the issues presented here in this Finley Response. The Petitioner's Post-Conviction was at stage two which gave each issue merit.

The <u>Circuit Court</u> dismissal was on the DNA part of my Post-Conviction. The (ACT) requires a stage one review for merit of all issues, and because my Petition was dismissed I was denied the right to argue my other issues at the Circuit Court level. <u>People v. Williams</u>, 205 Ill.2d 559, 793 N.E.2d 632

## CONCLUSION

For the foregoing reasons, Rodney Patton respectfully request that this Court deny Counsels Motion to withdraw.

Respectfully Submitted,

RODNEY M. PATTON
Dixon Corr. Center
Reg. No. #N-90674
2600 N. Brinton Ave.
Dixon, Illinois 61021

-5-

NOTICE
The text of this order may
be changed or corrected
prior to the time for filing of Nos. 1-18-1925 and 1-21-0527 (CONSOLIDATED)
a Petition for Rehearing or
the disposition of the same.                     Order filed April 29, 2022

Sixth Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 07 CR 1403 |
| | ) | |
| RODNEY PATTON, | ) | Honorable |
| | ) | Mauricio Araujo, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Pierce and Justice Harris concurred in the judgment.

**SUMMARY ORDER**

¶ 1     In these consolidated appeals, defendant Rodney Patton appeals from orders of the circuit

court (1) dismissing his second-stage petition for postconviction relief pursuant to the Post-

Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)) in appeal number 1-18-

1925, and (2) denying his motion for DNA testing pursuant to section 116-3 of the Code of

Criminal Procedure of 1963 (725 ILCS 5/116-3 (West 2012)) in appeal number 1-21-0527.

¶ 2     On October 26, 2011, defendant pled guilty to the first degree murder of his aunt, Bettie

Jean Hawkins, pursuant to a negotiated plea in exchange for a 30-year sentence. The factual basis

Nos. 1-18-1925 and 1-21-0527 (CONSOLIDATED)

for the plea reflected, *inter alia*, that defendant stabbed Hawkins in the throat multiple times, she died as a result of the wounds, and her DNA was found on defendant's sock, his shoe, his shorts, and his shirt. On November 23, 2011, he filed a motion to withdraw his guilty plea and vacate sentence "based on DNA evidence that is unknown and that was found on evidence." He subsequently withdrew his motion and did not file a direct appeal. We affirmed the denial of his petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)) and permitted counsel to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). *People v. Patton*, No. 1-20-1067 (2021) (unpublished summary order under Illinois Supreme Court Rule 23).

¶ 3     In January 2013, defendant filed a *pro se* postconviction petition under the Act, alleging his guilty plea was "coerced" by "fraudulent" information provided by his plea counsel. Defendant alleged that counsel informed him if he proceeded to trial, he would be sentenced to life imprisonment. Further, prior to pleading guilty, counsel told defendant that additional DNA was found on a pair of jean shorts which could not be tested. However, the DNA would be preserved in a database so "later DNA testing" could be done and if there was a match, defendant would be able to withdraw his plea. Defendant claimed he was "manipulated into believing" the DNA would be entered into a database that "would serve as a viable reason to withdraw [his] guilty plea." He also contended that he was persuaded to withdraw his motion to withdraw his guilty plea by another public defender. As a result, defendant alleged he was denied effective assistance of counsel for his plea proceeding.

¶ 4     Defendant also included a section 116-3 claim in his petition, requesting DNA testing of a "third DNA sample," which had not been tested at the time of his guilty plea. Finally, he contended

- 2 -

Nos. 1-18-1925 and 1-21-0527 (CONSOLIDATED)

he was subject to an illegal search and seizure when he was arrested without a warrant or probable cause and held without a probable cause hearing.

¶ 5        On May 21, 2013, defendant filed a separate *pro se* motion for DNA testing pursuant to section 116-3. He requested DNA samples from his cousins, James and Johnathan Hawkins, who lived at the same place as the victim, arguing the "sample" referred to in his postconviction petition "has a potential that is constinct [*sic*] with the victim DNA and the location where the DNA was extracted from the two above named people has the same make up."

¶ 6        Defendant was later appointed counsel to represent him on both filings. On September 29, 2016, counsel filed a Rule 651(c) (Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013)) certificate and a supplemental postconviction petition reiterating defendant's claims that plea counsel was ineffective, and his plea was involuntary. Counsel attached a notarized report from "Dr. Karl Reich, the forensic expert engaged to examine the forensic evidence on behalf of [defendant]." In his report, Dr. Reich stated, "[T]he source of the recovered DNA from the many items of evidence, is not in dispute." He further noted, "The source of the DNA is either from [defendant], the decedent or (in one case) a police officer."

¶ 7        Dr. Reich mentioned that it was unclear why the items had been tested so many times, and "absolutely no additional information *** can be deduced by testing the same evidence over and over again." He also stated that the identity of the decedent and defendant "were confirmed many many times over." Dr. Reich opined there was no way to determine from DNA testing whether the blood evidence was placed on defendant's clothing during an assault or from defendant contaminating himself when he discovered the victim. Thus, Dr. Reich concluded that defendant's DNA profile and the items tested in this case provided no probative information relevant to determining defendant's guilt.

- 3 -

Nos. 1-18-1925 and 1-21-0527 (CONSOLIDATED)

¶ 8     On the same date, counsel additionally filed a supplemental motion for DNA testing, arguing defendant's claim that DNA samples should be taken from James and Johnathan, who resided at the same address as defendant and the victim and whose DNA "is consistent with the DNA of the decedent." Counsel attached defendant's *pro se* motion, affidavit, other filings, and the expert report, and argued the documents "prove that there is reasonable doubt" of defendant's guilt and "indicate that a person or persons *other than* [defendant] murdered the decedent." (Emphasis in original.) At the hearing on the motion, counsel argued that "there could be more allele hits" on defendant's cousins, which "could be a more precise match."

¶ 9     On October 17, 2017, the State filed a motion to dismiss defendant's section 116-3 motion, arguing defendant failed to make a *prima facie* case for DNA testing where he requested additional testing of evidence using DNA samples that had not been previously collected from James and Johnathan, rather than evidence collected as part of the case.

¶ 10    On January 30, 2018, the court denied defendant's section 116-3 motion for DNA testing, finding it would not advance defendant's claim because there was no new testing that was not available at the time of his plea, and it was not relevant. The court noted the record did not show there was an unknown DNA profile present on the evidence. Defendant timely appealed on the same date, and his appeal was assigned case number 1-21-0527.[1]

¶ 11    On May 24, 2018, the State filed a motion to dismiss defendant's postconviction petition. On August 15, 2018, the circuit court granted the State's motion to dismiss defendant's petition. Defendant timely appealed on the same date, and the Office of the State Appellate Defender was appointed on August 24, 2018. Defendant's appeal was assigned case number 1-18-1925.

---

[1] The circuit court did not transmit the notice of appeal to this court until 2021.

Nos. 1-18-1925 and 1-21-0527 (CONSOLIDATED)

¶ 12    We consolidated defendant's appeals upon the request of his counsel.

¶ 13    The Office of the State Appellate Defender, which represents defendant on appeal, has filed a motion for leave to withdraw as appellate counsel, citing *Finley*, 481 U.S. 551. Counsel has submitted a memorandum in support of his motion, stating that he has reviewed the record and concluded that an appeal would be without arguable merit. Counsel considered whether (1) defendant's postconviction claims made a substantial showing of constitutional violations, including the claim that plea counsel was ineffective for coercing his guilty plea based on counsel's "fraudulent" or "misleading" promise regarding an unknown DNA sample, (2) the proceedings complied with the Post-Conviction Hearing Act, and (3) defendant demonstrated he was entitled to DNA testing pursuant to section 116-3. Copies of the motion and memorandum were sent to defendant, who was advised that he may submit any points in support of his appeal.

¶ 14    Defendant has responded and argues the second-stage dismissal of his postconviction petition was in error. He reargues his claim that he was arrested without probable cause and attached a copy of his arrest report obtained from a Freedom of Information Act request. Defendant asks that counsel's request to withdraw be denied.

¶ 15    After carefully reviewing the record in light of counsel's memorandum and defendant's response, we agree with counsel's conclusion. Thus, the motion of the State Appellate Defender for leave to withdraw as counsel is allowed and the judgment of the circuit court is affirmed.

¶ 16    The judgment of the circuit court of Cook County is affirmed in accordance with Supreme Court Rule 23(c)(2), (4) (eff. Jan. 1, 2021).

¶ 17    Affirmed.

- 5 -

Nos. 1-18-1925 and 1-21-0527 (CONSOLIDATED)

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Respondent-Appellee, | ) | |
| -vs- | ) | No. 07 CR 1403 |
| RODNEY PATTON, | ) | Honorable Mauricio Araujo, Judge Presiding. |
| Petitioner-Appellant. | ) | |

PETITION FOR REHEARING

F I L E D

**APPELLATE COURT 1ST DIST.**

MAY 09 2022

**THOMAS D. PALELLA**
CLERK

RODNEY PATTON
Pro'se

Rodney Patton
Reg. No. #N-90674
Dixon Correctional Center
2600 N. Brinton Ave.
Dixon, Illinois 61021

Nos. 1-18-1925 and 1-21-0527 (CONSOLIDATED)

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
|      Respondent-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 07 CR 1403 |
| | ) | |
| RODNEY PATTON, | ) | Honorable |
| | ) | Mauricio Araujo, |
|      Petitioner-Appellant. | ) | Judge Presiding. |

PETITION FOR REHEARING

Petitioner, Rodney Patton, asks this Court to reconsider its decision for the following reasons:

This Court failed to consider the severity of my Finley Response or to address the issues that were brought before the Court that were (NOT) adjudicated at the Circuit Court level, and now this Court has mistakenly done the same.

This Court has a resposibility to uphold the (LAW) when the evidence is clear and a wrong must be corrected.

From the beginning of this case my Constitutional Rights to Due Process were violated on May 1, 2005 - May 5, 2005 by the Chicago Police Department, and a criminal case was presented for Prosecution on December 14, 2006 based on an arrest that was illegal from the start.

The Circuit Court refused to hear argument concerning the issues presented in my Post Conviction Petition, and the State's dismissal motion did (NOT) resolve what actually happened at the time of my arrest.

The facts are clear just as the LAW is. This case was bogus from the start and my Constitutional Rights to Due Process were violated by the Chicago Police (First), the Circuit Court (Second), and third by this Court of Appeals.

Reasoning:  (ANY) criminal case that is brought before (ANY) Court that

- 1 -

is unjust in nature can (NOT) hold a Defendant to the terms and conditions of (ANY) sentence imposed by that Court.

Here, I was charged with Murder and the ending result was that I accepted a plea for 30 years, however because the case filed started with my Constitutional Rights to Due Process of Law being violated, this Court of Appeals can (NOT) ignore the issues presented in my Finley Response or refuse to rule on those facts submitted for review by the Court.

> Pursuant to <u>Gerstein v. Pugh</u>, 420 U.S. 103 this Court owes a duty to uphold the (LAW) and give a decision based on the facts presented for review, when my (RIGHTS) were violated at the very beginning.

This Court Summary Order had a ruling that covered the DNA part, but when it came time to rule on my other issues presented in my Finley Response, this Court sidestepped and only made mention of my arrest without probale cause, there was (NO) ruling covering the issues presented in my Finley Response, just as the Circuit Court failed to hear argument, this Court of Appeals is failing to give a sound ruling based on what was before the Court in my Finley Response.

> " If the Court would have reviewed my Finley Response with the same care and thoughtful attention that it gave to my DNA, the outcome would be evident that this Court of Appeals would have to vacate the judgment of the lower Court. "

This Court is refusing to acknowledge that it is turning a blind eye to the injustice that was done to me as a citizen with Constitutional Rights that the Chicago Police Department was able to violate without a second thought.

I am requesting that this Court reconsider its decision, and rule on the issues presented in my Finley Response, and base its ruling on the fact presented for the Court to review, because as was shown my Constitutional Rights to Due Process was violated from the very beginning.

THIS COURT CAN (NOT) TURN A BLIND EYE TO THOSE FACTS.

**WHEREFORE**, Petitioner respectfully requests a reconsideration of the decision.

- 2 -

Respectfully Submitted,

RODNEY PATTON

Rodney Patton
Reg. No. #N-90674
Dixon Correctional Center
2600 N. Brinton Ave.
Dixon, IL 61021

## CERTIFICATE OF COMPLIANCE

I, Rodney Patton, certify that this Petition conforms to the requirements
of Supreme Court Rule 341(a) and 367(a) and (c). The length of this Petition,
excluding pages containing the Rule 341(d) cover and the Rule 367(a) certificate
of complaiance is 3 pages.

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 1-18-1925 & 21-0527 |
| | ) | (Consolidated Case) |
| RODNEY PATTON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

O R D E R

THIS CAUSE having come on to be heard on the Defendant's Petition for Rehearing, and this Court being fully advised in the premises:

IT IS HEREBY ORDERED that the Defendant's Petition for Rehearing is **denied**.

ENTER:

**ORDER ENTERED**

JUN 15 2022

APPELLATE COURT FIRST DISTRICT

/s/ Sharon Oden Johnson
Justice Sharon Oden Johnson

/s/ Daniel J. Pierce
Presiding Justice Daniel J. Pierce

/s/ Sheldon A. Harris
Justice Sheldon A. Harris



# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721
(217) 782-2035

Rodney M. Patton
Reg. No. N-90674
Dixon Correctional Center
2600 N. Brinton Avenue
Dixon IL 61021

FIRST DISTRICT OFFICE
160 North LaSalle Street, 20th Floor
Chicago, IL 60601-3103
(312) 793-1332
TDD: (312) 793-6185

September 28, 2022

In re:   People State of Illinois, respondent, v. Rodney Patton, petitioner.
Leave to appeal, Appellate Court, First District.
128642

The Supreme Court today DENIED the Petition for Leave to Appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court on 11/02/2022.

Very truly yours,

Cynthia A. Grant

Clerk of the Supreme Court

No. 128642

IN THE

SUPREME COURT OF ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS; <br><br>     Respondent-Appellee, <br><br> -vs- <br><br> RODNEY PATTON, <br><br>     Petitioner-Appellant. | ) Petition for Leave to Appeal from<br>) the Appellate Court of Illinois, First<br>) Judicial District, Nos. 1-18-1925 &<br>) 1-21-0527 (CONSOLIDATED)<br>)<br>) There heard on Appeal from the<br>) Circuit Court of Cook County,<br>) Illinois, No. 07 CR 1403.<br>)<br>) Honorable<br>) Mauricio Araujo,<br>) Judge Presiding. |

PETITION FOR LEAVE TO APPEAL

RODNEY PATTON
Pro'se

ORAL ARGUMENT REQUESTED

Rodney Patton
Reg. No #N-90674
Dixon Correctional Center
2600 N. Brinton Ave.
Dixon, IL 61021

No. 128642

IN THE

SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) ) | Petition for Leave to Appeal from the Appellate Court of Illinois, First Judicial District, No. 1-18-1925 and 1-21-0527 (CONSOLIDATED) |
| Respondent-Appellee, | ) | |
| | ) ) | There heard on Appeal from the |
| -vs- | ) ) | Circuit Court of Cook County, Illinois, No. 07 CR 1403. |
| RODNEY PATTON, | ) ) | |
| | ) | Honorable |
| Petitioner-Appellant. | ) ) | Mauricio Araujo, Judge Presiding. |

PETITION FOR LEAVE TO APPEAL

TO THE HONORABLE JUSTICES OF THE SUPREME COURT OF THE STATE OF ILLINOIS:

May it Please The Court:

I.

PRAYER FOR LEAVE TO APPEAL

Comes now, petitioner, Rodney Patton, pursuant to Supreme Court Rule 315, and respectfully petitions this Court for leave to appeal from the decision of the Appellate Court, First Judicial District.

II.

OPINION AND PROCEEDINGS BELOW

Pursuant to Supreme Court Rule 315(c)(2), the Appellate Court issued a Summary Order on April 29, 2022, a Petition for Rehearing was filed on May 9, 2022, and DENIED on June 15, 2022. (Attached)

- 1 -

III.

## POINT RELIED UPON FOR REVERSAL

Pursuant to Supreme Court Rule 315(c)(3), the Petitioner's points relied upon in asking the Supreme Court to review the judgment of the Appellate Court Are:

1. The Petitioner was DENIED his Constitutional Rights to an arrest supported by probable cause,

2. The Petitioner was DENIED a probable cause determination by a Judicial officer promptly after arrest,

3. The Petitioner was held illegally in continuous custody while the Chicago Police gathered evidence,

4. The Petitioner was DENIED his Constitutional Rights to Due Process of Law,

5. The Petitioner was DENIED his Constitutional Rights to access to the Court,

6. The Petitioner Constitutional Rights was violated when the Chicago Police altered an official Police document, commiting fruad upon the Court,

7. The Petitioner Constitutional Rights was violated when the Chicago Police issued an unconstitutional investigative alert for his arrest,

8. The Petitioner Constitutional Rights from Illegal Search and Seizure was violated,

9. The Petitioner Constitutional Rights to present and argue these points was DENIED at the Circuit Court level, and

10. The Appellate Court refused to address the issues presented in my Finley Response, and its decision is what I am asking the Supreme Court to review.

- 2 -

IV.

## STATEMENT OF FACTS

The Petitioner was arrested for Murder on May 1, 2005, held in continuous custody until after May 5, 2005 without a probable cause determination hearing, during which time the Chicago Police was gathering evidence to support probable cause, assistant states attorney Brain Hofeld deferred charging and the Chicago Police refuses to release the Petitioner, I.D.O.C. issued a warrant for the Petitioners arrest on May 3, 2005 - still refusing to release the Petitioner, on May 5, 2005, the Petitioner is DENIED an initial Court appearance, and on December 14, 2006, the Petitioner was arrested a second time using an investigative alert based on the same probable cause used in the first arrest of the Petitioner on May 1, 2005.

V.

## ARGUMENT

Pursuant to Supreme Court Rule 315(c)(5), the Illinois Supreme Court has a long standing on Rules and Procedures before a citizen can request for a Petition for Leave to Appeal to its Court. There has to be a beginning.

In this case the Petitioners Constitutional Rights to Due Process of Law was violated from the very beginning - First, by the Chicago Police, Second, by the Circuit Court refusing to hear the issues in my Post Conviction Petition, and third by the Appellate Court refusing to address or Rule on the issues presented for review in the Petitioners Finley Response. Review by the Illinois Supreme Court is warranted to correct this wrong.

The Petitioner was substantially DENIED his Constitutional Rights to an arrest supported by probable cause. siting City of Riverside v. McLaughin, 500 U.S. 44, 56: when police makes a warrantless arrest, the state must provide a probable cause determination hearing by a Judicial officer promptly after arrest.

Further promptness as defined by Gerstein v. Pugh, 420 U.S. 103, 124-25 requires a probable cause determination hearing by a neutral Judge within 48 hours of a warrantless arrest; a delay is unconstitutional if the defendant shows that it was unreasonable. The DELAY in this case was for the propose of gathering evidence to justify the arrest, DELAY motivated by ill will against

the Petitioner, and DELAY for DELAYS sake. The Petitioner did (NOT) receive a
probable cause determination hearing within 48 hours after his arrest on
May 1, 2005, the calculus changes here and the burden shifts to the government
to demonstrate the existence of a bonafide emergency or extraordinary circum-
stance which would warrant an delay in the Petitioner being brought before
the Court. In this case there was NONE.

The Petitioner was taken into custody on May 1, 2005 at 4am, held at the
Chicago Police Department while they were conducting a search of the house.
The Petitioner was arrested at 11:00 pm (**Exh.** A)

On May 3, 2005, the Illinois Department of Corrections issued an arrest
warrant at 5:59 pm, the Petitioner was still in custody while the Chicago
Police were conducting a second search. (Exh. B)

The Petitioner was given an initial Court date with the Court on May 5,
2005 at branch 1. (Exh. A & D) - This date was binding with the Court, because
the Deputy Clerk an agent for **Dorothy Brown, Clerk of the Circuit Court** for
Cook County, Illinois signed off on the initial Court date which gave the
Court jurisdiction, and at that point the Commencement of Prosecution should
have started, however because of the refusal of the Chicago Police to withhold
the Petitioner from the Court any RIGHT to demand a speedy trial was DENIED.
725 ILCS 5/109-1, is the controlling Illinois Statue that demands a prompt
probable cause determination hearing. Here, the Petitioners Constitutional
Rights to Due Process of Law and access to the Court was violated. Once the
adminstrative steps was completed after the Petitioners arrest, a probable
cause determination hearing was Constitutionally compelled the minute the
Petitioner was finish being booked. Assistant States Attorney Brian Hofeld
deferred charging, I.D.O.C. issued a warrant, and there is the initial Court
date, which was ignored by the Chicago Police. (Exh. A, B, & D) siting ---
City of Riverside v. McLaughin, 500 U.S. 44 and Gerstein v. Pugh, 420 U.S.
103

The first arrest of the Petitioner on May 1, 2005 was a clear violation
of the Petitioners Constitutional Rights to Due Process of Law, and this is
evident by the many searches that was conducted during the time that the
Petitioner was held in their custody from May 1, 2005 - May 5, 2005, thus
violating the 48 hours requirement and their refusal to release the Petitioner
from their custody. siting --- Gerstein v. Pugh, 420 U.S. 103

- 4 -

The Chicago Police Department committed fraud upon the Court when they altered an official police document (**Exh.** A & D) in an attempt to coverup their actions during the unlawful arrest and detention of the Petitioner.

In 2005 the Chicago Police department used a (5) part printed form (CPD 11.420 (rev. 3/02)). <u>Each part after completion is identical to the first page printed on</u>. *** In this case the alteration was done after 5:30 am on May 5, 2005 this is shown in (Exh. D), the <u>Transportation/Bailiff</u> copy which differs from (**Exh.** A), the <u>Permanent Record - Record Div.</u> copy.

The Chicago Police could NOT alter (**Exh.** D) because the Petitioner was processed and awaiting transportation to Court and the Petitioner was NOT free to leave while they continued to gather evidence to support probable cause for the Petitioners arrest. The Petitioner was still in continuous custody from May 1, 2005 - May 5, 2005.

On December 14, 2006, the Petitioner was arrested a second time using an investigative alert when there was NO new evidence to support an arrest. The investigative alert was based on the same facts which gave rise to probable cause for the Petitioners arrest on May 1, 2005 - May 5, 2005, while the Chicago Police held the Petitioner in custody illegally so that they could gather additional evidence to support probable cause. (Exh. C & E) U.S. Const. IV, Ill Const. Art 1, Sec 6, siting --- **People v. Bass**, 2019 IL App (1st) 160640 and **People v. Braswell**, 2019 IL App (1st) 172810

The Chicago Police Department sent officers to Aurora, IL where the Petitioner was living without a warrant thus violating the safegaurds given by the U.S. Constitution from Illegal Search and Seizure, 18 months had elapsed since the arrest and unlawful detention of the Petitioner.

Review by the Illinois Supreme Court is warranted because the Circuit Court and Appellate Court refused to Rule on the issues presented for review that was put before the Court.

## VI.

## CONCLUSION

Wherefore, your Petitioner Rodney Patton respectfully requests this Honorable Court to grant his petition for Leave to Appeal.

Respectfully Submitted,

RODNEY PATTON

- 5 -

the Chicago Police Department consent to search, and seize evidence without a warrant. Under Illinois law the " Tenant " has a right to privacy, and the landlord can not give anyone consent to search his or her abode, apartment, or room without judicial review by a Court. See attached record

36. The Petitioner asserts that I had a reasonable expectation of privacy concerning my room, asserting the relevant factors;

    (1) Ownership of the property searched,
    (2) Whether defendant was legitimately in the area,
    (3) Whether defendant had a possessory interest in the area,
    (4) Whether defendant used the area or property,
    (5) Whether defendant could control or exclude others from using the property, and
    (6) Whether defendant had a subjective expectation of privacy.

Under Illinois law, standing may be conferred by storing personal effects, and other indicia of residence in an area. U.S. Const. Amend IV, See People v. Parker, 312 Ill. App. 3d 607 N.E. 2d 588 (1st Dist. 2000), People v. Sparks & Nunn, 315 Ill. App. 3d 786, 734 N.E. 2d 216 (4th Dist. 2000) See attached exhibit C

37. The Petitioner asserts that on December 14th, 2006 at 350 N. River Street in Aurora, Illinois the Petitioner was arrested without probable cause, or a warrant for my arrest. The Chicago Police lacked jurisdiction to arrest without a warrant, and as a result the Petitioner was illegally seized/arrested against my will in violation of my Constitutional right. U.S. Const. Amend. IV

38. The Petitioner asserts that in connection with the above arrest (¶37) the Petitioner was charged with the offence of First Degree Murder, Armed Robbery, and Possession of a Stolen Motor Vehicle, the Petitioner was indicted, and on October 26, 2011, the Petitioner entered a guilty plea. However, this guilty plea was coerced, and the Petitioner is seeking Post-Conviction Relief.

39. The Petitioner asserts that since I was arrested without probabale

cause, charged, and plead guilty to fraudulent advice from my
attorney's, Post-Conviction Relief is appropriate where a
Petitioners Constitutional rights were violated.

40. The Petitioner asserts that this Trial Court errored yet again
when the Court allowed Detective Mc Grath to admit that he used
a procedure where he lied. The Court stated " It's clear that
one of the officers admitted that he used a procedure in this
case where he lied, he said---he said he would get the results
back quicker if he indicated somebody was in custody. That didn't
seem so unnatural to me certainly not a practice I would have
wanted. I sure hope the Chicago Police Department would have a
different process to be able to get that information back as
quickly as possible. But as to the balance of the Police officer's
testimony in this case, I had no difficulty with it ". The Pet-
itioner asserts that once Detective Mc Grath faxed a official
document to another department, that same document was filed as
discovery in this case, no matter if it was accidental or not, a
procedure used or not, that document supported the Petitioners
claims that I was in custody at that point and not free to leave.
This Court can not overlooked this officer's testimony, or over-
look the fact that the Petitioner had a Constitutional right to
due process of law. U.S. Const. Amend. XIV (See attached exhibit C)

41. The Petitioner asserts that I have limited knowledge of the law,
and request that this Court appoints counsel to represent the
Petitioner. The Petitioner further asserts that the record is vast
and can not be attached to this petition. However, the Petitioner
reserves the right to amend this Petition with counsel.

MOTION TO DISMISS

42. The Petitioner asserts that I submit this Motion to Dismiss pursuant
to the Post-Conviction Act which warrants me to present all my
issues for review by this Court.

43. The Petitioner asserts  that the Cook County States Attorney
(Felony Review Division) instruted the Chicago Police to release
the Petitioner on May 3rd, 2005. However, by the continued re-
fusal of the Chicago Police to release the Petitioner, a lieut-
entant with the Chicago Police filed a complaint with the Internal
Affairs Division against the detectives which caused the Deputy
Clerk of the Circuit Court to issue the Petitioner the Court date
of May 5th, 2005, but again the detectives refused to take the
Petitioner before the Court, at this point the Petitioner had been
in continouos custody from May 1st, 2005 through May 5th, 2005.
The Petitioner had a constitutional right to judicial review by
the Court. U.S. Const. Amend. XIV, See County of Riverside v.
Mc Laugghin, 500 U.S. 44 (1991); Gerstien v. Pugh, 420 U.S. 103
(1975) (See attached exhibit D)

44. The Petitioner asserts that I was given an inital Court date of
May 5th, 2005 by the Deputy Clerk of the Circuit Court, thus
giving this Court jurisdiction, because at that point I had a
Constitutional right to due process of law. U.S. Const. Amend. XIV

45. The Petitioner asserts that any act committed by the Deputy Clerk,
is an act committed by the Circuit Court Clerk, and once a Court
date was given, the Petitioner had a Constitutional right to
judicial review and due process of law, the Petitioner was in
continouos custody. U.S. Const. Amend. V, VI, XIV, and Ill. Const.
1970

46. The Petitioner asserts that once the administrative steps was
completed after arrest, a probable cause hearing was Constitutionally
compelled the minute the Petitioner was finish being " Booked ".
U.S. Const. Amend. XIV; See County of Riverside v. Mc Laughin,
111 S.Ct. 1661

47. The Petitioner asserts that any evidence seized while I was illegally
held in custody for five days violates the Petitioners Fourth Amend-
ment assertion claims of unreasonable detention without a prompt
determination of probable cause. The United States Supreme Court

has required a prompt judicial determination of probable cause within 48 hours of arrest. See County of Riverside v. Mc Laughin, 111 S.Ct. 1661 (1991); Gerstien v. Pugh, 95 S.Ct. 854

48. The Petitioner asserts that I have limited knowledge of the law, and as a result I request that this Court appoints counsel to represent me. The Petitioner further asserts that I reserve the right to amend this Petition with counsel.

## CONCLUSION

49. The Seventh Circuit Court of Appeals recognized that " prison is a difficult place from which to litigate " and " acknowledge the difficultly incarcerated Petitioner's have fulfilling the burden to produce sufficiently precise evidence... " See United States ex rel., Cross v. DeRobertis, 811 F. 2d 1008 (7th Cir. 1987)

50. In People v. Dredge, the Court observed " In determining the particularity with which pro se Petitions for Post-Conviction relief must state alleged deprivation of Constitutional Rights in her Petition, we note that such Petitioner's are often persons of limited education. [citation] Therfore, we conclude that in order to withstand dismissal at the first stage of Post-Conviction proceeding. A Petition for Post-Conviction Relief need only contain a simple statement which present a gist of a claim for relief... Requiring Pro se Petitioner's to state their claims in greater detail than this would have the practical effects of depriving many such persons of their right of meaningful access to the Court. " [citation] See People v. Dredge, 148 Ill. App. 3d at 913, 102 Ill. Dec. 552, 500 N.E. 2d 445; See also People v. Hodges, 912 N.E. 2d 1204 (2009)

51. The Illinois Supreme Court has clarified the frivolous and patently without merit standard in People v. Hodge, 912 N.E. 2d 1204. The Hodge, Court held that a Petition is only frivolous and patently without merit " if it " has no arguable basis either in law or fact, in applying the standard articulated in Hodge, the Appellate Court, First District, held in Spark (2009)

1    STATE OF ILLINOIS  )
                         )   SS.

2    COUNTY OF C O O K  )

3     IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
          COUNTY DEPARTMENT - CRIMINAL DIVISION

4

5    THE PEOPLE OF THE         )
    STATE OF ILLINOIS        )

6                        )
          vs.          )   07 CR 1403

7                        )

8    RODNEY PATTON         )

9                 REPORT OF PROCEEDINGS

10       BE IT REMEMBERED that on the 15th day of

11   August, 2018, this cause came on for hearing

12   before the Honorable MAURICIO ARAUJO, Judge of

13   said Court, upon the indictment herein, the

14   Defendant having entered a plea of not guilty.

15   APPEARANCES:

16         HON. KIMBERLY M. FOXX, State's
         Attorney of Cook County, BY:

17         MS. LINDA WALLS,
         Assistant State's Attorney,

18         on behalf of the People;

19         MS. AMY CAMPANELLI, Public
         Defender of Cook County, BY:

20         MS. MARSHA WATT,
         Assistant Public Defender,

21         on behalf of the Defendant.

22

23   ROBERT J. MADOCH
     Official Court Reporter
     Circuit Court of Cook County

24   County Department - Criminal Division
     C.S.R. 84-1194

1          THE CLERK:    Rodney Patton.

2          THE COURT:    Lawyers?

3          MS. WALLS:    Judge, for the record, Linda

4     Walls on behalf of the State.

5          MS. WATT:    Assistant Public Defender Marsha

6     Watt, on behalf of Mr. Patton, Petitioner.

7          THE COURT:    I've read through your motion.

8     Actually, you are not going to reply in writing, are

9     you?

10          MS. WALLS:    No.

11          THE COURT:    I've read through the defense

12    response.   I guess you have several more points than

13    they respond to.   Are you waiving those other

14    points?

15          MS. WATT:    No. I'm standing on both --

16          THE COURT:    I just want to make sure,

17    because --

18          MS. WATT:    The pro se and the supplemental,

19    what was initially filed.   I do speak to the

20    question of procedural bar.   And that is where there

21    is an allegation of ineffective assistance.   I don't

22    believe there should be procedural bar, because of

23    fundamental fairness.

24          THE COURT:    Okay.   I was wondering because I

1    read through it.    This is not point by point, but a

2    general kind of blanket.

3            MS. WATT:    Yes, Judge.

4            THE COURT:    All right.    Anything you want to

5    add?

6            MS. WALLS:    There is nothing I want to go

7    point by point on.    I would just like to point out

8    for the record in my motion I think the biggest

9    thing in this case is he pled guilty.    And the

10   biggest issue is that he's claiming now his plea was

11   involuntary.

12                As the Court knows, Supreme Court 402

13   kind of covers that, to make sure the defendants

14   are pleading voluntarily.    From the record, that was

15   complied with.

16                This case was set for jury trial many

17   times.    The defendant was being prepared for trial

18   by his attorney.    When the defendant actually said,

19   according to the attorney, that he wanted to

20   negotiate.    So, this was not a case where the State

21   approached the defendant and made a plea offer.    He

22   actually went to the State.    So, his intention was

23   very clear.    And that was to plead guilty.

24   Otherwise the trial would have gone forward.

1      THE COURT:  She's going to turn around and

2   say the reason he did that, because he had false

3   information.  To have a knowing and voluntary plea,

4   you can't base it on  false information.

5      MS. WATT:  I would say that, Judge.  I would

6   say he did file a motion to withdraw the guilty

7   plea.  This is not the first time we're hearing it.

8      THE COURT:  Let me ask.  When they provide

9   the factual basis, what do they say.  Or did they

10   say --  Did they say anything.  He was present when

11   they read the factual basis?

12      MS. WATT:  Yes, Judge.

13      THE COURT:  Different judges do it different

14   ways.  I usually ask the defendant point blank, are

15   those the facts you wish to agree to.  Which would

16   obviate this whole discussion, I think.  But I

17   don't know what the Judge did in that situation.

18      MS. WALLS:  They gave a quite lengthy

19   factual basis.  It is three pages long.

20      THE COURT:  May I?

21      MS. WALLS:  Sure.

22      THE COURT:  In all fairness, I went to law

23   school with Miss Ricci.  Not that she ever said

24   hello to me in the hallway.

1          We're looking at page nine of October

2     26, 2011.  I'm looking where they said they found

3     evidence linking this defendant to the crime.  That

4     includes matching the knife to the knives in the

5     kitchen.  They found the victim's blood.  He keeps

6     going.  Further testing was done on items recovered

7     at the scene.  Specifically clothing the defendant

8     denies wearing that evening, which has blood.

9     Defendant's shoes.  Victim's blood on the bottom of

10    one of the socks.  Blood on the shorts which

11    contained his wears DNA.  As well as the victim's

12    blood on the shirt.  Also containing his wears DNA.

13         MS. WATT:  Judge, you do have Dr. Karl

14    Ryan's affidavit, stating in part the DNA profiles

15    themselves do not and cannot provide probative

16    information relevant to determining the involvement

17    of Mr. Patton in this case.  It does not provide

18    information as to his guilt or innocence.  That's

19    what our expert said.

20         THE COURT:  I understand. I'm reading the

21    factual basis.  I'm going to get whether the Judge

22    asked him point blank are these the facts you wish

23    to agree to.  Steve Stach is his Counsel.  Defense

24    stipulates that would be substantially the evidence

1    presented at trial.  We'd point out to the Court you

2    heard substantial pretrial motions in this matter

3    and the facts of that will come out as well.

4        MS. WATT:  He also had a DNA attorney from

5    our office, Mr. O'Reilly.

6        THE COURT:  Who was present.  He doesn't ask

7    the defendant specifically.

8        MS. WALLS:  I would point out, Judge, that

9    in this post conviction proceeding, the defendant

10   did request 116-3 DNA to be tested.  Our unit filed

11   a motion that was argued and denied by your Honor.

12   So, I mean at this point we've covered everything.

13   He withdrew his motion to withdraw his plea.

14   Clearly, his plea was voluntary.  I think the

15   transcript shows it was voluntary.  There is

16   nothing.  His allegation of, well, it could have

17   been the other two people whose DNA was in there,

18   because they lived there as well.

19       THE COURT:  Is that the trial issue?

20       MS. WALLS:  That would a trial issue.  In

21   addition, there is nothing attached to the PC which

22   supports that, other than just his conclusion.

23       MS. WATT:  And that was --  We ordered the

24   testing.

```
1           THE COURT:   We went through that on the
2   motion.
3           MS. WATT:   So, in terms of being a  trial
4   issue, we are asking for a new trial.
5           MS. WALLS:   And we'd ask that the post
6   conviction be denied and our motion be granted.  I
7   don't have any other additional arguments other than
8   what's in my motion.
9           THE COURT:   All right.  I think I pointed
10  this out.  From your expert, the DNA is either from
11  Mr. Patton, or the police officer.  Right?
12          MS. WATT:   Well --
13          THE COURT:   And that's what we talked about
14  last time.
15          MS. WATT:   Our expert says it is not
16  conclusive that --  not conclusive as to the guilt
17  of Mr. Patton.
18          THE COURT:   I understand.
19          MS. WATT:   There are other family members we
20  wanted tested.
21          THE COURT:   The DNA is only those three
22  people.  It doesn't determine guilt or innocence.
23          MS. WATT:   We're asking for comparison
24  testing, of other blood relatives.  And of my
```

1  client.

2         THE COURT:   DNA isn't like blood type.

3         MS. WATT:    No.  Because they were in the

4  house.  Now we're getting back into the DNA.

5  Mr. Hawkins, Jonathan Hawkins, we're asking to be

6  comparison tested.

7         MS. WALLS:   Unless they're identical twins

8  to the victim, their DNA will not be the same.

9         THE COURT:   That's kind of where I was

10 going.  Unless we have cloning.  Any way.

11        MS. WATT:   I don't know that they are not

12 twins.  They could be tested, then we'd know.

13        THE COURT:   I like that.  I like staying

14 firm with your argument.  I really do.  You want to

15 argue the Fourth Amendment violation, that it is

16 moot.

17        MS. WATT:   Well, I don't think it is moot.

18 Again, we're asking for a new trial.

19        THE COURT:   What about the ineffective

20 assistance?

21        MS. WATT:   We're talking about res judicata

22 and procedural bars, where there are allegations of

23 ineffective assistance, fundamental fairness

24 dictates there should not be a procedural bar.

1          THE COURT:   Got it.   I'm sure I will say

2     this inartfully, as I always say most things

3     inartfully.  It seems he doesn't like the deal that

4     he got.  He's trying to have buyer's remorse.  I'm

5     sorry about that, I really am.  If he needed more

6     time, he should have asked for more time at that

7     time.  In reading the transcript, in reading through

8     the motion,  I'm going to grant the State's motion

9     to dismiss.

10          MS. WATT:   Yes, Judge.  My client asked that

11    I file a notice of appeal.

12          THE COURT:   No problem.  I fully expected

13    it.

14          MS. WALLS:   Judge, just for the court file I

15    have an additional copy of the plea transcript.

16    That can go in the court file.

17          THE COURT:   Thank you.

18          MS. WATT:   Thank you, Judge.

19          THE COURT:   I signed the notice of appeal,

20    for the record.

21          MS. WATT:   Thank you, Judge.

22                         (Which were all the

23                          proceedings had.)

24

```
 1    STATE OF ILLINOIS        )
                               )   SS.
 2    COUNTY OF C O O K         )

 3

 4

 5           IN THE CIRCUIT COURT OF COOK COUNTY
             COUNTY DEPARTMENT - CRIMINAL DIVISION
 6

 7

 8

 9           I, ROBERT J. MADOCH, Official

10    Shorthand Reporter of the Circuit Court of Cook

11    County, County Department-Criminal Division, do

12    hereby certify that I reported in shorthand the

13    evidence had in the above-entitled cause and that

14    the foregoing is a true and correct transcript of

15    all the evidence heard.

16

17

18                   _____

19                   Official Shorthand Reporter
                     Circuit Court of Cook County
20                   County Department-Criminal Division
                     C.S.R.   84-1194
21
      Dated:  September 27, 2018
22

23

24
```

10