IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODNEY PATTON (N-90674), ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 22 C 5673 |
| ) | |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| TARRY WILLIAMS, *Warden* ) | |
| DIXON CORRECTIONAL CENTER, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Rodney Patton, a prisoner at the Dixon Correctional Center, brings this pro se habeas corpus action under 28 U.S.C. § 2254 challenging his 2011 murder conviction from the Circuit Court of Cook County. Respondent Tarry Williams of the Dixon Correctional Center moves to dismiss the petition as untimely. For the reasons below, the motion to dismiss is granted.

## STATEMENT

In April 2005, petitioner, Rodney Patton, fatally stabbed his aunt, Bettie Jean Hawkins. In October 2011, he entered a negotiated guilty plea to first degree murder in exchange for a 30-year prison term. Petitioner moved to withdraw his guilty plea on November 23, 2011, based on a forensic testing claim he does not present here. Petitioner withdrew that motion on December 15, 2011, and did not file a direct appeal. Petitioner filed a January 2013 petition under Illinois's Post-Conviction Hearing Act, 725 ILCS 5/122-1, and a December 2019 petition for relief from judgment under 735 ILCS 5/2-1401.

Petitioner's § 2254 petition is denied. State prisoners generally have one year to file federal habeas petitions, which ordinarily commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §

2244(d)(1)(A). Here, Petitioner's judgment of conviction became final on December 15, 2011, when Petitioner withdrew his motion to withdraw his guilty plea. Petitioner asks this Court to excuse that untimeliness on grounds of statutory or equitable tolling, claiming that (1) he could not access the prison library because of lockdowns at Menard; (2) he could not have discovered "the relevant facts of [his] Constitutional violations" without the aid of a "helper" in the prison library; and (3) his public defender would not turn over his case file.

Petitioner's theories for statutory and equitable tolling have no merit. First, even though Petitioner was subject to lockdowns for 125 days during the one-year period during which he could timely file his habeas petition, the fact that he had 240 lockdown-free days to draft and file his habeas petition makes clear that he cannot satisfy the demanding standards for statutory or equitable tolling. *See, e.g., Hardaway v. Harrington*, No. 12 C 5431, 2013 WL 6069433, at *5 (N.D. Ill. Nov. 18, 2013) (denying claim for statutory tolling where petitioner "had 234 days when Menard was not on lockdown to file a timely § 2254 petition"). Second, Petitioner's alleged inability to consult with an inmate law clerk is irrelevant as a matter of law. It is well settled that a petitioner's "inability to consult with [prison] law clerks during the lockdowns does not warrant equitable tolling." *Jackson v. Rednour*, No. 10 C 6709, 2011 WL 5980984, at *2 (N.D. Ill. Nov. 28, 2011). Finally, Petitioner's vague allegation that the Cook County Public Defender's Office did not provide a copy of his "discovery/case file," does not explain when he requested the case file or the extent of any delay in receiving that file during his one-year window. As a result, this allegation does not entitle him to relief. Petitioner's reliance on *Socha v. Boughton*, 763 F.3d 674 (7th Cir. 2014) — where the court accepted a tolling argument based on lockdown and access-to-case file allegations — is unavailing because of material differences in the facts of that case. *See Gray v. Zatecky*, 865 F.3d 909, 913 (7th Cir. 2017) (stressing unique facts of *Socha* in rejecting a claim for tolling based on similar allegations).

Thus, Petitioner is not entitled to statutory or equitable tolling to excuse the untimeliness of his petition.

## **CONCLUSION**

Petitioner's § 2254 petition is denied as untimely. The amended habeas petition is dismissed with prejudice. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/26/2024             Entered: _____
                                                            SHARON JOHNSON COLEMAN
                                                            United States District Judge